FILED
2012 Jan-30 PM 12:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

**THERESA SPRINGER,**

**Plaintiff,**

**v.**

**ABERNATHY & TIMBERLAKE INVESTMENT GROUP, LLC, AND TARGET CORPORATION,**

**Defendants.**

**Case No.: 1:10-CV-967-KOB**

# MEMORANDUM OPINION

## I. INTRODUCTION AND PROCEDURAL HISTORY

This matter comes before the court on Abernathy & Timberlake Investment Group, LLC's, Motion for Summary Judgment (doc. 23) and Target Corporation's Motion for Summary Judgment (doc. 24). Also pending is Target's Motion to Strike the Declaration of Anthony McNeal (doc. 33). Ms. Springer opposed both summary judgment motions (docs. 29, 30). Target filed a reply brief (doc. 25); Abernathy elected not to file one. Ms. Springer then contested Target's Motion to Strike (doc. 34), to which Target filed a reply (doc. 35). All motions are now under submission. For the reasons explained below, both motions for summary judgment are due to be granted. Further, Target's Motion to Strike is due to be termed as moot.

## II. BACKGROUND

### A. Underlying Facts and Allegations Relating to Abernathy

Keeping in mind that when deciding a motion for summary judgment the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion,

the court provides the following underlying facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact. *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

This case arises out of a trip and fall on September 24, 2009, at a Target store in the Oxford Exchange in Oxford, Alabama (the "Oxford Target store"). Ms. Springer fell after she got out of a van at the curb/sidewalk of the Oxford Target store.

Target is the owner of the premises where the Oxford Target store is located. The operator or property manager of the premises is Oxford Exchange, LLC ("Oxford Exchange"), which is not a party to the suit. Neither the briefs nor the complaint explain defendant Abernathy's precise role, although it appears to be the developer of the Oxford Exchange. *See* Def. Target's Br. Mot. S.J., doc. 26 at 1 ("Plaintiff also sued Defendant Abernathy . . . the purported property manager . . . ."); Depo. Steve Patterson 26:15–18 (Feb. 16, 2011) ("[Oxford Exchange, LLC] and Abernathy. They are the same thing, so I guess they are the developer."). Pursuant to the Operation and Easement Agreement (the "OEA"), Oxford Exchange was responsible for the common area of the shopping center. Target never put Abernathy on notice of any need for repairs or maintenance of the area where Ms. Springer fell.

### B. Additional Underlying Facts and Allegations Relating to Target

Ms. Springer was Target's business invitee as she visited the Oxford Target store on September 24, 2009. Ms. Springer had visited the Oxford Target store approximately twelve times

before September 24, 2009, and she was aware of the curbs around it.

Ms. Springer was riding in the back left seat of a passenger van whose driver, Anthony McNeal, pulled the van up to the curb to drop her off outside the Oxford Target store. After the van stopped, Mr. McNeal opened the door of the van and Ms. Springer stepped out onto the ground at the bottom of the curb.

As Ms. Springer took a step, she fell. Ms. Springer maintains that her fall was caused by broken-up concrete on the curb. Ms. Springer does not know exactly where she fell, but does know the general area.

Ms. Springer has no knowledge about whether anyone from Target knew about the problem with the curb or how long the problem had existed. Target is not aware of anyone else ever falling in the area where Ms. Springer fell and has not received any complaints from other customers or employees about that particular location.

Several Target employees testified that the curb and sidewalk in the location where Ms. Springer fell showed only normal signs of wear and tear. More specifically, nobody indicated the presence of abrasions, fractures, or cracks.

The surrounding area was free of debris and visual obstructions, and nothing obscured Ms. Springer's view of the curb. Ms. Springer did not see the broken-up concrete before she fell because she was not looking where she stepped. If Ms. Springer had been looking where she stepped, she could have seen the problem area about which she complains.

Ms. Springer has no evidence that Target intentionally or consciously left the curb in such a state that she would fall, that Target acted with ill will or malice, or that Target otherwise intended to harm her in any manner.

## III. STANDARD

Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(a). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Finally, "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *Int'l Stamp Art*, 456 F.3d at 1274 (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

## IV. ANALYSIS

### A. Abernathy's Motion for Summary Judgment

Abernathy primarily premises its Motion for Summary Judgment upon Ms. Springer's failure of proof to support her negligence and wantonness claims and secondarily upon her own contributory negligence. In this diversity case arising from a tort claim, Alabama law applies. To support a premises liability case under Alabama law a plaintiff must show:

> [H]er fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident.

*Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992).

As Abernathy argues, akin to the analysis in *Logan*, Ms. Springer has "failed to present substantial evidence, as opposed to speculation, that would show her injuries were the proximate result of any negligence on [its] part[.]" *Id.* The court agrees with Abernathy that Ms. Springer has failed to substantiate at least two elements of her claim, *i.e.*, that her fall was caused by Abernathy's negligence and that Abernathy had notice of the cracks in the concrete that she contends caused her to fall.

Moreover, because Ms. Springer's negligence claim is deficiently supported, she cannot maintain a wantonness claim against Abernathy. To prove wantonness under Alabama law, Ms. Springer must demonstrate that Abernathy acted with a reckless or conscious disregard of her rights and safety, and that such conduct was substantially certain to cause her damage:

> "'The [Alabama] Legislature has defined "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Alabama Code 1975, § 6-11-20(b)(3).' *Hobart Corp. v. Scoggins*, 776 So. 2d 56, 58 (Ala. 2000). 'Wantonness involves the "conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result."' *Id.* (quoting *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998)) (emphasis added in *Scoggins*). Thus, '[t]he "knowledge" of the defendant is "the *sine qua non* of wantonness."' *Norris v. City of Montgomery*, 821 So. 2d 149, 156 n.9 (Ala. 2001) (quoting *Ricketts v. Norfolk Southern Ry.*, 686 So. 2d 1100, 1106 (Ala. 1996))." *Ammons v. Tesker Mfg. Corp.*, 853 So. 2d 210, 213 (Ala. 2002).

*Se. Envtl. Infrastructure, L.L.C. v. Rivers*, 12 So. 2d 32, 45 (Ala. 2008) (emphasis added). Here, the record is devoid of any evidence from which a reasonable jury could find notice or knowledge on the part of Abernathy about the broken-up curb, and such an evidentiary gap necessarily means that Ms. Springer's wantonness claim is fatally flawed.

Alternatively, because Ms. Springer's opposition brief is entirely silent about wantonness, the claim is appropriately dismissed because she has abandoned it. *See, e.g.*, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned when argument not presented in initial response to motion for summary judgment); *Bute v. Schuller Int'l, Inc.,* 998 F. Supp. 1473, 1477 (N.D. Ga. 1998) (finding unaddressed claim abandoned); *see also* *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (failure to brief and argue issue at the district court is sufficient to find the issue has been abandoned); *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

Therefore, Abernathy is entitled to summary judgment. Further, because the court has concluded that summary judgment in favor of Abernathy is appropriate for the above reasons, it does not reach the other grounds offered by Abernathy in support of its motion.

**B. Target's Motion for Summary Judgment**

Target is similarly entitled to summary judgment on Ms. Springer's negligence and wantonness claims. More specifically, Target is correct that (1) Ms. Springer agrees with nearly all of the material facts that it offers (doc. 32 at 2); (2) she has abandoned her wantonness claim (*id.* at 3); (3) she does not dispute that Target did not have actual or constructive notice of the broken-up concrete; instead, she maintains that a jury must, nevertheless, decide the notice issue (*id.* at 4); (4) she lacks substantial evidence to prove causation (*id.* at 5); and (5) she confirms by virtue of her deposition testimony and her admitted facts on summary judgment that the curb was "open and obvious" rather than "not easily observable" as her counsel suggests. (*Id.* at 8); *see also Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not

evidence.").[1]

Moreover, none of the cases cited by Ms. Springer convince this court that she has adduced sufficient evidence of a triable claim. More specifically, *Mims v. Jack's Restaurant*, 565 So. 2d 609 (Ala. 1990), is significantly distinguishable because the slip and fall there involved "a defective threshold . . . [*i.e.*] a fixture that requires ordinary and reasonable maintenance in order to provide safe premises for the store's customers." *Id.* at 611.

To the extent that *Mims* implies that Target, as the premises owner, can be held liable for negligence even in the absence of knowledge or notice, the case is also distinguishable. Unlike the facts here, in which the caliber of proof pointing to the curb as the proximate cause of Ms. Springer's fall is scant at best,[2] the Alabama Supreme Court in *Mims* found sufficient evidence (*i.e.*, testimony from the plaintiff and an eye witness) from which a reasonable jury could conclude that the defectively maintained fixture caused the accident. *See id.* at 610 ("Both Ms. Mims and Madison testified that she tripped on the threshold and that her tripping was the cause of the accident."); *see also Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 315 (Ala. 2000) ("Williams also testified that nothing blocked her view of the curb."); *Martin Distrib.*, 769 So. 2d at 315 ("The unavoidable conclusion one must draw from Williams's testimony is that the cause of her fall is a matter of pure speculation[,] [b]ut Alabama juries are not permitted to speculate as to the cause of an accident.") (citing *Brookwood Med. Ctr. v. Lindstrom*, 763 So. 2d 951 (Ala. 2000)).

As the Supreme Court of Alabama has repeatedly recognized "[t]he owner of a premises .

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Ms. Springer does not know how she fell. Also, although Mr. McNeal knows the location of Ms. Springer's fall, he "did not actually see [her] fall" (doc. 34 at 2) and, therefore, he cannot provide anything other than his bare conjecture about what caused the accident.

. . is not an insurer of the safety of his invitees, and the principle of *res ipsa loquitur* is not applicable" in premises liability litigation. *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978). "When evidence points equally to inferences that are favorable and to inferences that are unfavorable to the moving party, the evidence lacks probative value; and the evidence may not be used to support one inference over another because such use is mere conjecture and speculation." *Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987). Thus, Ms. Springer's claim fails on causation grounds.

Alternatively, Target has affirmatively shown based upon the undisputed facts that the hazardous curb was an objectively open and obvious danger such that Ms. Springer is precluded from any negligence recovery. Regarding this defense, the Supreme Court of Alabama has stated that:

> "'[An] owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part.'" *Mountain Top Indoor Flea Market*, 699 So. 2d at 161 (quoting *Shaw v. City of Lipscomb*, 380 So. 2d 812, 814 (Ala. 1980), citing in turn *Tice v. Tice*, 361 So. 2d 1051 (Ala. 1978)). The test for determining whether a hazard is open and obvious " ' "is an objective one." ' " *Id.* (quoting *Hines v. Hardy*, 567 So. 2d 1283, 1284 (Ala. 1990), quoting in turn *Restatement (Second) of Torts* § 343A (1965)).

*Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 742 (Ala. 2009).

Here, the circumstances confirming the application of the open and obvious doctrine include Ms. Springer's admission that she was familiar with the curb at the Target Oxford store, that nothing obstructed her view of the curb on the day that she fell, that she did not see the specific area of the concrete because she was not looking where she stepped, and that if she had been watching where she was stepping, she could have seen the broken-up part of the concrete that she suggests caused her to fall. (doc. 32 at 8–9). Therefore, Target's Motion for Summary Judgment is likewise due to

be granted based upon the foregoing multiple grounds.

**C. Target's Motion to Strike**

Because the court has determined that Target is entitled to summary judgment even when factoring in the testimony from Mr. McNeal relied upon by Ms. Springer in opposition to summary judgment, its Motion to Strike is due to be termed as moot.

**V. CONCLUSION**

Accordingly, for the reasons explained above, Abernathy's Motion for Summary Judgment is due to be granted, Target's Motion for Summary Judgment is due to be granted, and Target's Motion to Strike is due to be termed as moot. The court will enter a separate order.

DONE and ORDERED this 30th day of January, 2012.

Karon O. Bowdre

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE